# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| DIRECTV, INC., | ) | CASE NO. 1: 03 CV 1890 |
| Plaintiff, | ) ) ) | JUDGE DONALD C. NUGENT |
| v. | ) ) | |
| LAURENCE RILEY, | ) ) | MEMORANDUM OPINION AND ORDER |
| Defendant. | ) | |

This matter comes before the Court upon Defendant Laurence Riley's Motion To Vacate Default Judgment pursuant to Federal Rule of Civil Procedure ("Rule") 60(b). (ECF # 35.) For the reasons set forth below, Defendant's Motion is DENIED.

## I.

On December 12, 2002, Plaintiff DIRECTV, Inc. filed a Complaint against Defendant. (ECF # 1.) On January 13, 2003, a Return of Service was filed, indicating that the process server had served Defendant personally on January 10, 2003. (ECF # 8.) Defendant did not file an answer to the Complaint.

On June 3, 2003, Judge Matia issued General Order # 2003-23, dismissing the action against Defendant and others without prejudice. (ECF # 23.) On September 8, 2003, Plaintiff reinstated the Complaint against Defendant. (ECF # 30.) On July 12, 2004, Plaintiff filed a Motion and Application for Entry of Default against Defendant, stating that Defendant had failed to plead or otherwise defend in response to the affirmative claims against him as required by the Federal Rules. (ECF # 31, 32.) On October 6, 2004, this Court entered judgment in favor of Plaintiff in the amount of $11,015.51. (ECF

# 34.)

**II.**

In the instant case, Defendant seeks relief pursuant to Rule 60(b)(1). As such, he must first demonstrate that the default did not result from his conduct. *See Waifersong, Ltd., Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992.) That is, in order to be relieved of the default judgment, Defendant must demonstrate that the default was the result of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). It is only if Defendant makes this showing that the Court may examine the other factors, namely the existence of a meritorious defense and the absence of substantial prejudice to Plaintiff should relief be granted. *See Waifersong*, 976 F.2d at 292.

**III.**

This Court has thoroughly considered all of the pleadings, affidavits, motions, and filings of the parties. After careful evaluation, this Court finds that Defendant is unable to demonstrate that the default did not result from his conduct. The facts as set forth by Defendant do not show that the default was the result of mistake, inadvertence, surprise, or excusable neglect. Because Defendant has failed to make a showing that the default was not due to his own culpable conduct, the Court need not consider the existence of a meritorious defense and the absence of substantial prejudice to Plaintiff should relief be granted.

**IV.**

Based upon the foregoing, Defendant's Motion To Vacate Default Judgment is DENIED. (ECF # 35.)

IT IS SO ORDERED.

                                            *s/ Donald C. Nugent*
                                            DONALD C. NUGENT
                                            United States District Judge

DATED: December 15, 2005